UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL F. DALMAU, <br><br>        Plaintiff, <br><br>   v. <br><br> CITY OF NEW YORK, <br><br>        Defendant. | **Case No. 22-CV-6326-DG-JAM** |

**CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

  WHEREAS, the parties are conducting discovery regarding the claims and defenses in this case, which discovery encompasses documents, information, and testimony containing private, personal, proprietary, and/or otherwise sensitive material that the parties agree should be handled in a secure and confidential manner, so as to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person;

  THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel, as follows:

  1. <u>Application.</u> This confidentiality stipulation applies to and covers all discovery conducted by the parties in this case, including any and all documents, information, and testimony obtained, produced, and/or exchanged by the parties in connection with this civil action ("discovery material").

  2. <u>Usage.</u> The discovery material shall be obtained, maintained, and used by the parties and their counsel in connection with this civil action only.

  3. <u>Disclosure.</u> The discovery material shall be disclosed only to (i) the parties; (ii) their counsel, including employees of such counsel assigned to and necessary to assist in the

1

litigation; (iii) investigators, consultants, experts, and insurance companies (if any) assisting Plaintiff or Defendant in this matter; (iv) any person from whom testimony is or will be taken in this matter, except that such a person may only be shown the discovery material during and/or in preparation for his/her testimony and may not retain the discovery material; and (v) the court, including employees of the court and the jury at trial. In no event may the discovery material be disclosed, in whole or in part, on the internet or any social media applications.

4. <u>Third-Party Compliance.</u> Prior to disclosing any discovery material to any investigators, consultants, experts, and insurance companies (if any) assisting Plaintiff or Defendant in this matter and any person from whom testimony is or will be taken in this matter, counsel shall inform the person of the confidential nature of the discovery material and shall inform the person that the court has enjoined the use of the discovery material for any purpose other than this litigation and has enjoined the disclosure of the discovery material to any other person.

5. <u>Confidentiality Designations.</u> Counsel for any party may designate and mark any discovery material as "confidential" that contains non-public personal, proprietary, and/or otherwise sensitive material that counsel determines in good faith should not be available to the public in court filings; unless otherwise ordered by the court, discovery material designated and marked "confidential" shall be filed with the court in accordance with the provisions of Paragraph 6 herein; in the event that one party objects to another party's "confidential" designation, the non-producing party shall object in writing. Counsel shall confer in good faith to resolve the dispute within 10 days of the written objection, and otherwise shall follow the applicable rules and orders of the court for resolving discovery disputes.

6. <u>Court Filings.</u>  In connection with any motions, applications, or submissions made to the court, counsel for the parties shall preserve and protect the "confidential" discovery material, through the least restrictive means appropriate, including by redacting the confidential information from the discovery material and/or by filing the confidential discovery material under seal (in accordance with the applicable rules and orders of the court); nothing in this stipulation shall be construed to prejudice any party's right to use in open court any discovery material necessary to the party's legal position.

7. <u>Disposal.</u>  Upon termination of this civil action, counsel shall be permitted to retain their working files; all other copies of the discovery material (whether in the possession of the parties, their counsel, or any other person) shall be shredded, erased, deleted, and/or otherwise discarded in a secure and confidential manner within 45 days of the termination of this civil action (except for those documents maintained and used by the parties in the normal course of business).

8. <u>Term.</u>  This confidentiality stipulation shall remain in effect permanently, and shall continue to bind the parties and their counsel after the final termination of this civil action.

9. <u>Amendment.</u>  This confidentiality stipulation may not be amended, altered, or modified except as agreed upon by the parties in a signed writing and so-ordered by the court.

10. <u>Reservation of Rights.</u>  The foregoing is without prejudice to the right of any party to apply to the court for any further protective order relating to the discovery material, or to object to production of documents or information, or to apply to the court for an order compelling production of documents or information, or for modification of this order.  This order may be enforced by either party and any violation of this order may result in the imposition of appropriate sanctions by the court.

**AGREED TO BY THE PARTIES:**

| For Plaintiff: | For Defendant: |
|---|---|
| /s/ *Steven M. Warshawsky* <br> _____ <br> Steven M. Warshawsky, Esq. <br> The Warshawsky Law Firm <br> *Attorney for Gabriel F. Dalmau* <br> 118 North Bedford Road, Suite 100 <br> Mount Kisco, NY  10549 <br> (914) 864-3353 <br> smw@warshawskylawfirm.com <br><br> Dated:  11/13/2023 | *[signature]* <br> _____ <br> Dominique Anglade, Esq. <br> Senior Counsel <br> New York City Law Department <br> *Attorneys for City of New York* <br> 100 Church Street, Room 2-144 <br> New York, New York 10007 <br> (212) 356-2432 <br> danglade@law.nyc.gov <br><br> Dated: _____ |

**SO ORDERED:**  _____  _____
   **Hon. Joseph A. Marutollo       Date**

4